# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Case No. 1:04cr35 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **JIMMIE F. GARRETT,** ) | |
| ) | |
| Respondent. ) | |

Pending before the Court is Defendant Jimmie F. Garrett's Motion to Set Aside Judgment pursuant to Rule 60(b)(3), filed on August 27, 2007 ("Rule 60(b) Motion") (**Doc #: 70**). This case was reassigned to me from the docket of Judge Kathleen M. O'Malley upon her elevation to the Federal Circuit. (See non-document entry of 2/28/11.) The pending motion appears to have fallen between the cracks at the U.S. Attorney's Office and Judge O'Malley's chambers.[1]

On February 16, 2005, a federal grand jury in the Northern District of Ohio, in a superseding indictment, charged Garrett with conspiracy to distribute and possess with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count 1); and aiding and abetting others, including co-defendant Antwoine Garrett, in the possession with intent to distribute various amounts of unlawful substances on four separate occasions in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 (Counts 3-6). (Doc #: 13.) On July 18, 2005, pursuant to a written plea agreement, Garrett pleaded guilty to

---

[1] Garrett apparently did not bring it to anyone's attention until approximately two weeks ago.

Count 1 of the superseding indictment in exchange for the government's agreement to dismiss the remaining counts at the time of sentencing. (Doc #: 61, Plea Agreement.) On September 30, 2005, Garrett was sentencing to 80 months custody, followed by four years supervised release, and ordered to pay a $100 special assessment.[2] (Doc #: 64.) Pursuant to the terms of his plea agreement, Garrett did not appeal nor file a § 2255 motion. The Court, having reviewed the pending Motion, the Government's response thereto, filed May 5, 2011 (Doc #: 90), and the record, hereby **DENIES** the Rule 60(b) Motion for the following reasons.

First, Rule 60(b) of the Federal Rules of Civil Procedure applies only to civil cases, and this is a criminal case. Second, even if this were to be construed as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, it would be summarily denied. For relief under § 2255, the motion must be filed within one year after the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Garrett filed his motion on August 27, 2007, nearly two years after his conviction became final. Further, a guilty plea precludes Garrett from attacking his conviction based upon alleged non-disclosure of impeachment material. *United States v. Ruiz*, 536 U.S. 622, 628-633 (2002). Finally, Garrett's written plea agreement bars him from raising, on collateral attack, any issues except ineffective assistance of counsel and prosecutorial misconduct. (Plea Agreement ¶ 24.) Since his motion does not raise either of these two issues, it would be denied under § 2255 as well.

**IT IS SO ORDERED.**

*./s/Dan Aaron Polster 5/10/11*
**Dan Aaron Polster**
**United States District Judge**

---

[2]Garrett is now out of prison and on supervised release.